IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON (02), | § | |
| Petitioner, | § | |
| | § | Civil No. 4:05-CV-756-Y |
| V. | § | (Criminal No. 4:00-CR-0260-Y) |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | (death-penalty case) |

## **MEMORANDUM OPINION AND ORDER TRANSFERRING 60(b) MOTION**

Before the Court is Julius Omar Robinson's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), filed on February 28, 2018. ("Motion," CV doc. 10).[1] Robinson moves to reopen the Court's judgment in a proceeding under 28 U.S.C. § 2255. The Motion challenges the validity of Robinson's conviction by attacking various procedural rulings with new case law. Because the Motion is in actuality a second or successive petition for habeas relief, the Court **TRANSFERS** the Motion to the United States Court of Appeals for the Fifth Circuit.

### **Background**

This Court sentenced Robinson to death in 2002 after a jury convicted him of murdering Johnny Lee Shelton and Juan Reyes. Robinson was also sentenced to life imprisonment for complicity in a criminal enterprise resulting in the death of Rudolfo Resendez.

---

[1] When Robinson filed his § 2255 motion, it was the Court's practice to file documents related to § 2255 motions in the criminal case. The practice ended and such documents are now filed in the civil case. Because relevant documents are filed under both cause numbers, "CR doc." refers to the criminal docket number 4:00-CR-260-Y, and "CV doc." refers to the civil docket number 4:05-CV-756-Y.

The Court assessed a second sentence of life imprisonment and a consecutive 300-month sentence on two other counts. (CR doc. 1740.) In 2004, the Fifth Circuit affirmed Robinson's convictions and sentences. *United States v. Robinson*, 367 F.3d 278 (5th Cir. 2004), *cert. denied*, 543 U.S. 1005 (2004).

In 2005, Robinson moved to vacate the judgment pursuant to 28 U.S.C. § 2255. (CR doc. 2279.) Following three years of litigation, the Court denied the motion. *Robinson v. United States*, No. 4:05-CV-756-Y, No. 4:00-CR-260-Y(2), 2008 WL 4906272 (N.D. Tex. Nov. 7, 2008) (CR doc. 2453.) Robinson moved for reconsideration, which this Court denied. (CR doc. 2456, 2465.) The Court by separate order denied a certificate of appealability ("COA"). (CR doc. 2473.) In 2010, the Fifth Circuit denied Robinson's request for a COA and denied rehearing. (CR doc. 2477, 2482). The Supreme Court denied Robinson's petition for certiorari. (CV doc. 7.)

Robinson moves to reopen the § 2255 proceedings based on Supreme Court cases that have been decided since this Court denied relief. Respondent contends the Motion fails to meet the standards for relief under Rule 60(b) and, to the extent it raises new claims, it should be transferred to the Court of Appeals as a second or successive petition.

## Applicable Law

Federal Rule of Civil Procedure 60(b)(6) allows a district court to grant relief from a final judgment, order, or proceeding

2

for any reason that justifies relief.  *See* Fed. R. Civ. P. 60(b)(6).  The purpose of Rule 60(b) is to "balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hernandez v. Thaler*, 630 F.3d 420, 429-30 (5th Cir. 2011).  To succeed under Rule 60(b)(6), the movant must show that extraordinary circumstances exist that justify the reopening of a final judgment.  *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

District courts have jurisdiction to consider Rule 60(b) motions in 28 U.S.C. § 2254 habeas proceedings so long as the motion attacks not the substance of the court's resolution of the claim on the merits, but some defect in the integrity of the habeas proceedings.  *See Gonzalez*, 545 U.S. at 532.  Because 28 U.S.C. § 2254 and § 2255 are nearly identical in substance, this Circuit applies *Gonzalez* to Rule 60(b) motions to reopen § 2255 proceedings.  *See Williams v. Thaler*, 602 F.3d 291, 302 n.5 (5th Cir. 2010); *Davis v. United States*, 417 U.S. 333, 343 (1974) (section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus").  Examples of Rule 60(b) motions that properly raise a defect in the integrity of the habeas proceedings include a claim of fraud on the court or challenges to a procedural ruling that precluded a merits determination, such as failure to exhaust, procedural default, or time bar.  *Gonzalez*, 545 U.S. at 532 nn. 4, 5.

The law limits the defendant to one § 2255 motion unless he obtains certification for a successive motion from the Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h); *Gonzalez*, 545 U.S. at 528 (addressing § 2254). Because of the comparative lenience of Rule 60(b), petitioners "sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017) (citing *Gonzalez*, 545 U.S. at 531–32). A Rule 60(b) motion that (1) presents a new habeas claim, (2) attacks the federal court's previous resolution of a claim on the merits, or (3) presents new evidence or new law in support of a claim already litigated, should be treated as a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 531-32. The rationale is that such motions could circumvent the strict successive-petition requirements in § 2255(h). *See id.* (addressing similarly worded provision in § 2244(b)(2)(A)).

**Denial of COA**

Robinson first contends that an erroneously high standard was used in denying a COA on his ineffective-assistance-of-counsel claim. He cites *Buck v. Davis*, 137 S. Ct. 759 (2017) as "the Supreme Court's most recent case on the COA standard" and argues that this Court and the Court of Appeals erred under *Buck* by making a COA determination on the merits rather than simply asking whether

4

the district court ruling was debatable. Motion, p. 5-9. Robinson argues that the COA is a valid subject for Rule 60(b) relief because it is by definition a "non-merits based decision." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see* Reply, p. 1.

To the extent Robinson seeks to reopen this Court's order denying a COA, it is not a proper Rule 60(b) motion. *Gonzalez* allows the reopening of procedural decisions that precluded a merits determination. *Gonzalez*, 545 U.S. at 532, n. 4. The denial of COA did not preclude a merits determination; it followed this Court's merits-based ruling on the ineffective-trial-counsel claim. Robinson simply seeks vindication of the claim through a second round of appellate review. It is, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute" governing successive petitions. *See id*. at 531; § 2255(h). The Court has no jurisdiction to consider it.

### Inability to Question Jurors

Next, Robinson reasserts a request to interview jurors that this Court had denied during the § 2255 litigation. He argues that he should be permitted to "conduct an investigation no more intrusive than necessary to determine what role, if any, racial bias played in his convictions and sentences." Motion, p. 11. This request relies on *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855, 869 (2017), which held that the "no impeachment" evidence rule for

5

jurors must yield to the Sixth Amendment when a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict. *See* Fed. R. Evid. 606(b); *see also* L. Cr. R. 24.1 (N.D. Tex.); Motion, p. 9-11.

Robinson made a similar request during the § 2255 litigation "to vindicate his Sixth Amendment right to an impartial jury," but Robinson's § 2255 motion did not contain an impartial-jury claim under the Sixth Amendment. (CR doc. 2279.) Robinson conceded he had no evidence of a Sixth Amendment violation. (CR doc. 2385, p. 1-5.) This Court denied the request as an improper fishing expedition in support of a hypothetical claim. (CR doc. 2388, p. 2-3.)

Robinson's present request again seeks to develop evidence in support of an impartial-jury claim under the Sixth Amendment. Although Robinson argues in his reply that a discovery denial is not a decision on the merits, the case he relies upon is not a Rule 60(b) case. *In re Sessions*, 672 F.2d 564 (5th Cir. 1982). Moreover, discovery in habeas cases must be tied to a showing that, if the facts are more fully developed, the petitioner may be entitled to relief. *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997). It follows that the only legitimate purpose for which the Court could grant the requested discovery is for Robinson to present a claim for relief. This Court has no jurisdiction to consider it in a Rule 60(b) Motion. *See Gonzalez*, 545 U.S. at 531.

**Indictment Error**

Robinson's final argument challenges a ruling by the Court of Appeals in the direct appeal. The Court of Appeals held that the government's failure to charge by indictment the aggravating factors used to justify a death sentence constituted harmless error. *See Robinson*, 367 F.3d at 287-88. During the initial § 2255 litigation, Robinson moved to amend the motion to include this indictment-error claim. (CR doc. 2422.) The Court denied the motion because the claim had already been decided on appeal and because the new Supreme Court cases he relied upon were not applicable to the indictment issue and were not retroactive. (CR doc. 2430, p. 2-3). Robinson now argues that the Supreme Court opinions in *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) provide new support for his argument that the indictment error should not have been subjected to a harmless error analysis. Motion, p. 15-19; *see Robinson*, 367 F.3d at 286-89.

Robinson's argument is based solely on a purported change in substantive law regarding the definition of structural error which, he asserts, would alter the outcome of his appellate claim. It is prohibited by *Gonzalez,* 545 U.S. at 531, because it potentially circumvents the successive-petition requirements in § 2255. To avoid this conclusion, Robinson argues that the denial of leave to amend is merely a procedural denial, not a merits-based denial.

But the procedural ruling is inextricably tied to the indictment-error claim offered as a ground for challenging his conviction. Because Robinson seeks vindication of a substantive claim previously denied on appeal, it is a second or successive petition.

Robinson asserts in his reply that, because the *rulings* he challenges are procedural rather than merits-based, they are all subject to being reopened under Rule 60(b), irrespective of his ultimate intent to litigate the underlying substantive claims for relief. This argument, which necessarily characterizes any allegation of procedural error as "extraordinary circumstances" under Rule 60(b)(6), would potentially swallow the general rule. At a minimum, it conflicts with the holding in *Gonzalez* that extraordinary circumstances "will rarely occur in the habeas context." *Id.* at 535. Nevertheless, Robinson cites *Gonzalez* for support, because it held that challenging a timeliness denial was a proper use of Rule 60(b), even as it would have allowed the petitioner to litigate the underlying substantive claims for relief.

Robinson's argument badly misreads *Gonzalez*. The difference between the limitations ruling challenged in *Gonzalez* and the procedural rulings challenged by Robinson is that the limitations ruling *precluded* a merits determination. Here, Robinson challenges a ruling that did not prevent any merits determination (the COA) or leverages "procedural" errors to present new claims challenging his

8

conviction (the impartial-jury claim and indictment error). Even though couched in terms of procedural error, these issues are, at bottom, merits-based challenges to his conviction.

*Gonzalez* defines "on the merits" as a determination that there exist or do not exist "grounds" entitling a petitioner to relief. *Id.* at 532 n.4. The Supreme Court clarified that a Rule 60(b) movant is making a habeas-corpus claim when he asserts one of those "grounds" *or* asserts that "a previous ruling regarding one of those grounds" was in error. *Id.* Robinson is doing the latter. He asserts grounds for relief by challenging procedural rulings using new Supreme Court law which may or may not satisfy the requirements in § 2255 that such laws be retroactive rules of constitutional law. This is the type of end-run around the successive petition rules that *Gonzalez* prohibits.

## Transfer

Because the Motion raises new claims or seeks to relitigate claims decided on the merits, it is a second or successive petition under 28 U.S.C. § 2255(h). Before this Court may accept a second or successive petition for filing, it must be certified by the court of appeals to contain either newly discovered evidence showing a high probability of actual innocence or a new and retroactive rule of constitutional law. *See* § 2255(h); *see also* § 2244(b)(2); *Gonzalez*, 545 U.S. at 529-30.

9

This Court may either dismiss the motion for lack of jurisdiction or transfer it to the Court of Appeals for a determination under § 2255(h). *See In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). The Court finds that it is in the interest of justice to transfer the motion to the Court of Appeals rather than dismiss. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) (stating that a COA requirement, necessitated by dismissal, presents a judicially inefficient procedural mechanism that would have little practical benefit as compared to transfer).

* * * * *

The Clerk of Court is directed to **TRANSFER** Robinson's Motion (CV doc. 10) to the United States Court of Appeals for the Fifth Circuit.

SIGNED June 20, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE