IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JULIUS OMAR ROBINSON (02),      §
      Petitioner,              §
                     §      Civil No. 4:05-CV-756-Y
V.                              §      (Criminal No. 4:00-CR-0260-Y)
                     §
UNITED STATES OF AMERICA         §
      Respondent.               §           (death-penalty case)

## ORDER DENYING COA

Before the Court is an inquiry regarding the status of a ruling for the Certificate of Appealability ("COA") in this case. Julius Omar Robinson filed in this Court a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) on February 28, 2018 (CV Dkt. No. 10). The motion sought to reopen this Court's prior judgment denying relief under 28 U.S.C. § 2255. On June 20, 2018, this Court held that the motion was in actuality a second-or-successive petition for habeas relief and transferred the motion to the Court of Appeals for lack of jurisdiction (CV Dkt. No. 18). *See Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).

Unless a circuit justice or judge issues a COA, an appeal may not be taken to the court of appeals from "the final order in a proceeding under section 2255." *See* 28 U.S.C. § 2253(c)(1)(B). The Court of Appeals has held that this requirement only applies to final orders that dispose of the merits. *See United States v. Fulton*, 780 F.3d 683, 686-88 (5th Cir. 2015) (citing *Harbison v. Bell*, 556 U.S. 180 (2009)). Since a transfer order does not dispose of the merits of a § 2255 motion, no COA is required. *Id.*

(citing *In re Bradford,* 660 F.3d 226, 229 (5th Cir. 2011), as binding precedent that Court of Appeals has jurisdiction over appeals from transfer orders).

The Court clarifies that its order of June 20, 2018 transferred the Rule 60(b) motion as a second-or-successive petition without deciding the merits, such that no COA is required. Accordingly, this Court denies a COA.

SIGNED July 16, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE