

ORIGINAL

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

4:05-cv-756-Y

No. 18-10732

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2019

Lyle W. Cayce
Clerk

IN RE:  JULIUS OMAR ROBINSON,

Movant.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR 1 1 2019

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

\* \* \* \* \*

No. 18-70022

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JULIUS OMAR ROBINSON, Also Known as Face,
Also Known as Scar, Also Known as Scarface,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and ENGELHARDT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Julius Robinson was sentenced to death for his role in multiple murders.

No. 18-10732
No. 18-70022

After we affirmed his conviction on direct appeal, Robinson filed a federal habeas corpus petition asserting six grounds for relief. The district court denied the petition. Nearly ten years later, Robinson filed a Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. The district court determined that Robinson's motion was "in actuality a second or successive petition for habeas relief" and transferred it to this court.

Robinson maintains that the district court erred by construing his Rule 60(b)(6) motion as a second or successive habeas petition. Finding no error, and that Robinson fails to meet the standard for a second or successive petition, we deny his motion for authorization and dismiss for want of jurisdiction.

I.

In 1998, Robinson murdered Johnny Shelton, "a man he mistakenly believed responsible for an armed hijacking that cost him $30,000." *United States v. Robinson*, 367 F.3d 278, 282 (5th Cir.), *cert. denied*, 543 U.S. 1005 (2004). Five months later, Robinson killed Juan Reyes in retaliation for "a fraudulent drug transaction in which [Robinson] paid $17,000 for a block of wood covered in sheetrock." *Id.* Robinson was also involved "in a broad conspiracy that led to the murder of Rudolfo Resendez at the hands of Britt and Hendrick Tunstall." *Id.* at 283.

In 2002, a jury convicted Robinson on sixteen counts, including, *inter alia*,[1] one count of murder while engaging in a continuing criminal enterprise,

---

[1] The jury also convicted Robinson on one count of conspiracy to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count 1); one count of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 2); three counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A)(i), (C)(i) (Counts 4, 8, and 17); three counts of carrying or using a firearm during a drug trafficking crime, in violation of § 924(c)(1)(A)(ii) (Counts 5, 9, and 13); and three counts of carrying or using and discharging a firearm during a drug trafficking crime, in violation of § 924(c)(1)(C)(iii) (Counts 6, 10,

2

No. 18-10732
No. 18-70022

in violation of 21 U.S.C. § 848(e) (2012) (Count 3); three counts of murder in the course of carrying or using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(j) (Counts 7, 11, and 15); and one count of murder while engaged in possession of more than five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 848(e) (Count 12). The district court sentenced Robinson to death on Counts 3, 7, and 11. The court imposed a life sentence on Counts 12 and 15, to be served concurrently, and 300 months on Count 17, to run consecutively to the sentences on Counts 12 and 15.[2] We affirmed Robinson's conviction and sentence on direct appeal. *Robinson*, 367 F.3d at 293.

In 2005, Robinson initiated federal habeas proceedings via a motion to vacate conviction and sentence and for a new trial under 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure. Robinson raised six grounds: (1) ineffective assistance of counsel ("IAC") during the penalty phase, (2) an equal protection (*Batson*) claim related to the prosecuting attorney's alleged use of preemptory challenges in a racially motived manner, (3) a claim that the Federal Death Penalty Act, as applied in Texas, violates the Equal Protection Clause, (4) a claim of IAC on appeal, (5) a due process claim related to the prosecuting attorney's alleged pursuit of fundamentally inconsistent theories at seriatim capital trials, and (6) a due process claim related to the prosecutor's alleged use of false and misleading testimony during the penalty phase. Robinson sought to amend his motion by adding a seventh ground for

and 14).

[2] The court did not impose a sentence on Counts 1 and 2 because these counts are lesser included offenses of Count 3. Similarly, it declined to impose a sentence on Counts 4, 5, and 6 because each is a lesser included offense of Count 7. Moreover, the court did not impose a sentence on Counts 8, 9, and 10 because those three counts are lesser included offenses of Count 11. Lastly, it declined to impose a sentence on Counts 13 and 14 because they are lesser included offenses of Count 15.

No. 18-10732
No. 18-70022

relief—a defective-indictment claim based on the prosecuting attorney's failure to include aggravating factors for the capital charge. The district court granted in part Robinson's motion to amend, allowing him to "add documentary evidence and corresponding argument relating back to his original petition." The court denied Robinson's request to add the defective-indictment claim, finding that we had already addressed the issue on direct appeal.[3]

In 2008, the district court denied Robinson's motion to vacate his conviction and sentence under 28 U.S.C. § 2255, finding that each of his claims was without merit. The court also denied Robinson's motions for a new trial and an evidentiary hearing. With respect to Robinson's request that the court hold an evidentiary hearing on his habeas grounds for relief, the court noted that "the record before [it], including the exhibits submitted by Robinson with his motion, do[es] not create any contested fact issues that must be resolved in order to decide Robinson's claims."[4] Moreover, the court decided Robinson's habeas claims "either by assuming that everything Robinson allege[d] [was] true or based on legal, not factual, bases." Consequently, "because the record before [the district] [c]ourt show[ed] conclusively that Robinson [was] not entitled to relief, his request for an evidentiary hearing [was] denied."

Robinson filed a Federal Rule of Civil Procedure 59(e) motion for recon-

---

[3] *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 [m]otions."). On direct appeal, we held that "the failure to charge [the death penalty aggravating] factors in an indictment did not contribute to Robinson's conviction or death sentence." *Robinson*, 367 F.3d at 289. The district court also determined that the Supreme Court cases cited by Robinson—*United States v. Gonzalez–Lopez*, 548 U.S. 140 (2006), and *United States v. Resendiz–Ponce*, 549 U.S. 102 (2007)—were inapposite, and, in any event, because these cases considered procedural errors, they were not retroactively applicable to cases on collateral review.

[4] Section 2255 "does not automatically require a hearing to dispose of every motion made under its statutory authority." *Coco v. United States*, 569 F.2d 367, 369 (5th Cir. 1978).

4

No. 18-10732
No. 18-70022

sideration of the order denying the motion to vacate sentencing without an evidentiary hearing. The district court denied that motion[5] and declined to issue a certificate of appealability ("COA"). We affirmed, and the Supreme Court denied Robinson's petition for writ of certiorari.

In February 2018, Robinson filed a Rule 60(b)(6) motion for relief from judgment. He asserted that "the lack of due process in his post-conviction proceedings constituted an extraordinary circumstance that justified re-opening the judgment in his case pursuant to Rule 60(b)." Relying on Supreme Court precedent established after the district court denied his § 2255 motion, Robinson contended that the district court (1) "wrongly denied his ability to appeal" because that court (and the Fifth Circuit) "applied an erroneously high standard for obtaining a [COA]," (2) "erroneously barred [him] from conducting a reasonable investigation," and (3) erroneously denied his "right to amend his [§] 2255 motion to include his [defective-indictment] claim."

The district court determined that the motion was, "in actuality[,] a second or successive petition for habeas relief" and transferred it to this court. On appeal, Robinson asserts that the district court improperly construed his Rule 60(b)(6) motion as a second or successive § 2255 motion. In the event, however, that we find the district court did not err, Robinson asks that we

---

[5] The court emphasized that "[b]ona fide contested issues of fact raised in a motion to vacate brought under § 2255 must be resolved on the basis of an evidentiary hearing. . . . But § 2255 does not require a hearing if the motion, files, and record of the case conclusively demonstrate that no relief is appropriate." The court also stressed that "the record before this Court, including the exhibits submitted by Robinson with his motions, do[es] not create any contested fact issues with regard to Robinson's insufficiency-of-counsel claims that must be resolved in order to decide his case." Instead, the court noted, "many of Robinson's claims are based on the record from the trial." Moreover, "with regard to the claims for which Robinson has submitted additional evidence, the Court . . . decided these claims based on uncontested allegations of fact and, where facts are contested, by assuming that what Robinson alleges is true, or based on legal, not factual, bases."

5

No. 18-10732
No. 18-70022

certify a second or successive § 2255 motion so that he may raise his impartial-jury claim in the district court.

## II.

"We review a district court's determination as to whether a Rule 60(b) motion constitutes a second-or-successive habeas petition *de novo.*" *In re Edwards*, 865 F.3d 197, 202–03 (5th Cir.), *cert. denied*, 137 S. Ct. 909 (2017).

## A.

Federal habeas review for a prisoner in federal custody is governed by 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "AEDPA limits the circumstances under which a [federal] prisoner may file a successive application for federal habeas review." *Edwards*, 865 F.3d at 203. Under § 2255(h),

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C §2255(h). Section 2244(a) provides,

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

A petition is successive when it 'raises a claim . . . that was or could have been

6

No. 18-10732
No. 18-70022

raised in an earlier petition . . . .'" *Edwards*, 865 F.3d at 203 (quoting *Harde-mon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008)).

Federal Rule of Civil Procedure 60(b)(6) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." To prevail on a Rule 60(b)(6) motion in a federal habeas proceeding, a movant must establish that (1) the motion was "made within a reasonable time"[6] and (2) "'extraordinary circumstances' [exist to] justify[] the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).[7] Extraordinary circumstances "will rarely occur in the habeas context." *Id.*

"Because of the comparative leniency of Rule 60(b) [as compared to AEDPA], petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *Edwards*, 865 F.3d at 203. "[T]o bring a proper Rule 60(b) claim, a movant must show 'a *non-merits-based* defect in the district court's earlier decision on the federal habeas petition.'" *Id.* at 204 (quoting *Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010) (emphasis added). Thus, we have cautioned that

> it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim, because '[p]rocedural defects are narrowly construed. They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits

---

[6] Rule 60(c) states, "A motion under Rule 60(b) must be made within a reasonable time—and for reasons [in (b)](1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

[7] Although *Gonzalez* addressed the application of a Rule 60(b) motion only in the context of a § 2254 habeas proceeding, we have joined "[n]early every circuit [in applying] the *Gonzalez* rationale to federal prisoners seeking habeas relief under § 2255." *Williams v. Thaler*, 602 F.3d 291, 302 & n.4 (5th Cir. 2010) (collecting cases); *see also United States v. Roberts*, 360 F. App'x 584, 585 (5th Cir. 2010).

7

No. 18-10732
No. 18-70022

determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of limitations bar. They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.'

*Id.* at 205 (quoting *In re Coleman,* 768 F.3d 367, 371 (5th Cir. 2014)).

Accordingly, "[a] federal court examining a Rule 60(b) motion should determine whether it either: (1) presents a new habeas *claim* (an 'asserted federal basis for relief from a . . . judgment of conviction'), or (2) 'attacks the federal court's previous resolution of a claim *on the merits.*'" *Id.* at 203 (quoting *Gonzales,* 545 U.S. at 530, 532).[8] A "Rule 60(b) motion [that] does either . . . should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." *Id.* at 204. But a petitioner who "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," is not asserting one of the aforementioned grounds. *Id.*[9]

## B.

Robinson contends that the district court erred when it construed his claim concerning the denial of a COA as a second or successive habeas petition. After the district court denied relief on each of the six grounds he raised in his

---

[8] A federal court makes a merits determination when it concludes that "there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . ." *Gonzalez,* 545 U.S. at 532 n.4. So, "[w]hen a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Id.*

[9] If a Rule 60(b) "motion challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' then a Rule 60(b) motion is proper." *Coleman,* 768 F.3d at 371 (quoting *Gonzalez,* 545 U.S. at 532).

No. 18-10732
No. 18-70022

initial § 2255 motion, Robinson moved for a COA on his penalty-phase IAC claim. The court denied the application. Robinson then sought a COA from this court, but we also declined. The Supreme Court denied Robinson's petition for writ of certiorari. *Robinson v. United States*, 565 U.S. 827 (2011).

Robinson cites *Buck v. Davis*, 137 S. Ct. 759, 774 (2017), in which the Court reaffirmed that "[a] 'court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims,' and ask 'only if the District Court's decision was debatable.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 348 (2003)). Robinson maintains that both the district court and this circuit erred when each declined to issue a COA to him because both courts "effectively required him to prove he would succeed on appeal before granting the right to appeal." Robinson asserts that both courts should have merely determined whether "it was at least debatable that he was deprived of the effective assistance of counsel at the penalty phase of his trial."

Robinson avers that the district court wrongly decided that "[t]he denial of a COA did not preclude a merits determination," because "merits review by an appellate court is . . . its own independent proceeding that the appellant has a right to access." Because "appellate merits review is a separate entity, . . . an erroneous procedural ruling that precludes appellate merits review is entitled to reconsideration under Rule 60(b)."

The government maintains that Robinson's denial-of-COA claim "is not a proper basis for a Rule 60(b)(6) motion because it does not seek to reopen a ruling that *precluded* a merits determination of his [IAC] claim." Rather, Robinson "seeks to reopen a ruling (the denial of a COA) that *followed* the district court's merits-based ruling on [his] [IAC] claim." The government emphasizes that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the*

9

No. 18-10732
No. 18-70022

*merits of* a claim for relief should be treated as a successive habeas petition" (quoting *Gonzalez*, 545 U.S. at 534).[10]  Asserting that Robinson's Rule 60(b) motion attempts to do just that, the government contends that the district court correctly determined the motion was a second or successive § 2255 motion.[11]

The district court correctly concluded that Robinson "badly misreads *Gonzalez*." The denial of a COA on Robinson's IAC claim did not preclude a merits determination. Instead, the court reviewed and denied the claim *on its merits* as part of Robinson's initial § 2255 motion. Because his Rule 60(b) motion attacks the district court's merits-based resolution of his IAC claim, it is best viewed as a second or successive petition.[12]  The court did not err in finding that it had "no jurisdiction to consider [the motion]."

## C.

Robinson asserts that the district court erred in determining that his request to interview the jurors was a second or successive § 2255 motion. He contends that "he was unreasonably barred from interviewing the trial jurors, thus depriving him of a reasonable post-conviction investigation." Citing *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982), Robinson maintains that "it is well-settled law that a denial of discovery is not akin to a denial on the merits of a

---

[10] The government highlights that "Robinson points to no authority holding that a ruling that precludes appellate review is the same as a ruling that precludes a merits determination."

[11] The government also avers that *Buck* does not "stand for the proposition that the denial of a COA is a proper basis for a Rule 60(b) motion" because "the denial of the COA was not the basis for Buck's Rule 60(b) motion." Instead, the inverse was true: "Buck sought a COA to appeal the denial of his Rule 60(b) motion . . . ."

[12] *See Gonzalez* 545 U.S. at 532; *Edwards*, 865 F.3d at 203. The district court determined that Robinson's motion was, "'if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute' governing successive petitions" (quoting *Gonzalez*, 545 U.S. at 531).

10

No. 18-10732
No. 18-70022

claim for relief."[13]  He cites *Mitchell v. Rees*, 261 F. App'x 825, 828–29 (6th Cir. 2008), for the proposition that "if [reopening] a case for the purposes of holding an evidentiary hearing is a valid use of Rule 60(b), then [reopening] to conduct juror interviews must certainly be valid."

Robinson avers that the district court was not correct that his "request . . . seeks to develop evidence in support of an impartial-jury claim under the Sixth Amendment."  He contends that as part of his first habeas petition, he sought to interview jurors and that "the reason that [an impartial-jury] claim was not raised to the [d]istrict [c]ourt in Robinson's amended [§] 2255 motion was because the court prevented Robinson from conducting discovery."  Consequently, "Robinson's inability to raise an [impartial-jury] claim is a prime example of a defect in the integrity of the habeas proceedings."

In response, the government maintains that Robinson's Rule 60(b) motion seeks to "reopen the [§] 2255 proceedings so that he [can] interview jurors 'to determine what role, if any, racial bias played in his convictions and sentences.'"  The government notes, correctly, that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, as we stated in *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014), "[a] petitioner demonstrates 'good cause' [for discovery] under Rule 6(a) [of the Rules Governing § 2255 Proceedings] 'where specific allegations before the court show reason to believe that a petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'" (quoting *Bracy*, 520 U.S. at 908–09).[14]

---

[13] *See also Wellons v. Hall*, 558 U.S. 220, 223 (2010) (per curiam).  Robinson concedes, however, that "*Sessions* does not concern Rule 60(b) motions."

[14] Rule 6(a) of the Rules Governing § 2255 Proceedings "does not authorize fishing

11

No. 18-10732
No. 18-70022

The government emphasizes that Robinson's previous request to interview jurors, filed as part of his first § 2255 petition, did not concern a potential impartial-jury claim, but instead related to his *Batson* and IAC claims. The government also highlights that when he made his initial interview request, Robinson expressly acknowledged that he did not have a viable impartial-jury claim. Accordingly, although Robinson "certainly had the ability to bring the claim in his original [§] 2255 motion or to seek leave to amend his motion to add the claim," he "chose not to because . . . there was no evidence to support such a claim."[15]

The best view is that Robinson is attempting to advance a new habeas claim related to jury impartiality (in light of *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017)) under the guise of a Rule 60(b)(6) motion. His "motion seeks to re-open the proceedings for the purpose of adding new claims" and, as such, is "the definition of a successive claim." *Edwards*, 865 F.3d at 204.

The denial of Robinson's discovery request during his initial habeas proceedings—a request that was then related to his *Batson* and IAC claims— did not prevent a merits determination on those issues. Moreover, Robinson was not prevented from litigating his impartial-jury claim because of "a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *See Gonzalez*, 545 U.S. at 532 n.4. Instead, Robinson chose

---

expeditions." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

[15] The government also posits that "[g]iven that federal courts disfavor post-verdict interviewing of jurors except where there is some showing of an illegal or prejudicial intrusion into the jury process, *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976), and that by Robinson's own admission, he could not make that requisite showing, Robinson's alleged 'inability' to bring an impartial-jury claim hardly represents a 'defect' in the proceedings." In *Riley*, we strongly cautioned that "Courts simply [must] not denigrate jury trials by afterwards ransacking the jurors in search of some ground, not previously supported by evidence, for a new trial." *Id.*

No. 18-10732
No. 18-70022

not to bring this claim in his initial § 2255 motion because, as he acknowledged, such a claim was frivolous.[16]

To the extent that Robinson now attempts to bring such a claim, the government rightly posits that "[b]ecause the merits of Robinson's discovery request to interview jurors [are] wrapped up with, and dependent on, his ability to bring a new claim for relief from the judgment of his conviction," his request is "a paradigmatic habeas claim." *Rodwell v. Pepe*, 324 F.3d 66, 72 (1st Cir. 2003).[17] Accordingly, this claim is best viewed as a second or successive § 2255 motion.

Ultimately, "[u]sing Rule 60(b) to present new claims for relief from a . . . court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531. The district court did not err in determining that Robinson's claim is a second or successive habeas petition.[18]

---

[16] The district court echoed this conclusion when it stated that "Robinson conceded he had no evidence of a Sixth Amendment violation."

[17] The cases cited by Robinson are inapposite. The decision in *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007), stands for the unremarkable proposition that a denial of "relief based on procedural default and failure to exhaust" may properly be reviewed using a Rule 60(b) motion. Likewise, *Balentine v. Thaler*, 626 F.3d 842, 844–49 (5th Cir. 2010), merely affirmed that the denial of relief on the ground that a claim is "unexhausted and procedurally barred" may be challenged using the Rule 60(b) vehicle. Neither situation is presented here. Importantly, the *Ruiz* court emphasized that "a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz*, 504 F.3d at 526.

[18] Even if we were to find that Robinson's impartial-jury claim did not constitute a second or successive habeas petition, we would undoubtedly conclude that he fails to show that, as a result of the denial of his discovery request, "'extraordinary circumstances' [exist to] justify[] the reopening of [the] final judgment" under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann*, 340 U.S. at 199); *see also Mitchell*, 261 F. App'x at 828–31.

13

No. 18-10732
No. 18-70022

D.

Robinson raises a third ground for relief in his Rule 60(b) motion. He maintains that the district court erred in finding that his challenge to the denial of his motion to amend his original § 2255 petition to include a defective-indictment claim was substantive in nature. Citing a number of intervening Supreme Court precedents, including *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), Robinson essentially asserts that our determination in *Robinson*, 367 F.3d at 289—that the government's "failure to charge [the death penalty aggravating] factors in an indictment did not contribute to [his] conviction or death sentence" was harmless error "beyond a reasonable doubt"—was flawed.

Robinson maintains that *Weaver*, in particular, "casts serious doubt on [our] denial of Robinson's defective indictment claim in two significant ways." First, "the *Weaver* Court's description of the three general categories of structural error[19] make clear that this Court's requirement that [Robinson's] defective indictment claim affect the 'fundamental fairness' of his trial in order to be structural was misguided." Second, "*Weaver* left no doubt that this Court's application of the harmless error standard to Robinson's *preserved* defective indictment claim—a claim of structural error—was improper."

Robinson contends that *Williams* "establishes that the indictment error at issue in *Robinson* is structural because it falls under *Weaver*'s rubric of an error whose effects are 'simply too hard to measure'" (quoting *Weaver*,

---

[19] The *Weaver* Court noted that structural error typically occurs in three instances. First, "an error has been deemed structural in some instances if the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest." *Weaver*, 137 S. Ct. at 1908. Second, "an error has been deemed structural if the effects of the error are simply too hard to measure." *Id.* And third, "an error has been deemed structural if the error always results in fundamental unfairness." *Id.*

14

No. 18-10732
No. 18-70022

137 S. Ct. at 1908).[20] Ultimately, Robinson avers that "these opinions demonstrate that the earlier denial of Robinson's motion to amend is clearly erroneous; and the courts' continued denial of Robinson's right to litigate the impact of the structural error inherent in his defective-indictment claim would work a manifest injustice, especially since this is a death-penalty case."

In response, the government asserts that "Robinson's Rule 60(b) motion is a second or successive petition because it attacks the district court's merit-based ruling on his defective-indictment claim." The government notes—as did the district court as part of Robinson's initial habeas proceedings—that "Robinson had 'previously claimed, both at his trial on the merits before [the district court] and on direct appeal before . . . the Fifth Circuit, that the government's failure to submit the death penalty aggravating factors to the grand jury violated the Indictment Clause of the Fifth Amendment.'" Consequently, because we ruled otherwise on direct appeal, *Robinson*, 367 F.3d at 286–89, the government maintains that Robinson "lost his defective-indictment claim on the merits in a legal decision that was binding on the district court."[21]

Importantly, the government highlights that Robinson did not appeal the denial of his motion to amend but instead raises the issue now, several years later, in a Rule 60(b) motion. Nonetheless, the government posits that "[b]ecause Robinson's Rule 60(b) motion attacks the district court's merits-based resolution of his proposed [defective-indictment] claim, it is a second or

---

[20] Robinson claims that *McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018), "undermines [our] treatment of his [defective-indictment] claim as if it were unpreserved (and therefore subject to harmless error analysis)."

[21] *See also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (emphasizing that we do not consider, on collateral review, issues that were previously raised and decided on direct appeal); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (noting that we are "not required on [§] 2255 motions to reconsider claims of error raised and disposed of on direct appeal").

No. 18-10732
No. 18-70022

successive [§] 2255 motion."

At bottom, Robinson challenges not "some defect in the integrity of the habeas proceedings," *Gonzalez*, 545 U.S. at 532, but rather our previous resolution, on the merits, of his defective-indictment claim, *Robinson*, 367 F.3d at 286–89. Attempting to disguise this claim, which was definitively resolved on direct appeal nearly fifteen years ago,[22] Robinson submits that the district court's refusal to allow, on collateral review, an amendment to his habeas petition to include defective-indictment claim was a procedural defect in the integrity of the habeas proceedings.

The court's refusal, however, was nothing of the sort. Looking to binding circuit precedent, including *Kadish* and *Jones*, the district court concluded that the claim was frivolous because its merits had already been determined on direct appeal. Consequently, the court properly denied amendment in the merits-based decision.

In its transfer order, the district court noted that "Robinson's argument is based solely on a purported change in substantive law regarding the definition of structural error which, he asserts, would alter the outcome of his appellate claim."[23] AEDPA forecloses such a claim here because it potentially cir-

---

[22] Notably, Robinson does not assert that the intervening Supreme Court caselaw, including *Weaver* and *Williams*, announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Consequently, because of the strict requirements for second or successive habeas petitions, Robinson attempts to bring this claim before the district court using a Rule 60(b)(6) procedural vehicle. In any event, however, *Weaver* and *Williams* were only changes in decisional law and "did not create an extraordinary circumstance and thus [cannot] create[] a basis for [Robinson] to re-open his proceedings as he now wishes to do." *Edwards*, 865 F.3d at 208. Thus, even if Robinson's second-or-successive claim were somehow construed as properly before us in a Rule 60(b)(6) motion, it would still fail.

[23] The court also noted that "[t]his is the type of end-run around the successive petition rules that *Gonzalez* prohibits."

16

No. 18-10732
No. 18-70022

cumvents § 2255's successive-petition requirements. 28 U.S.C. § 2255(h)(2); *see also id.* § 2244. The district court did not err in determining that the motion was, in actuality, a second or successive habeas petition.

### III.

Because we conclude that Robinson's Rule 60(b) motion is a second or successive § 2255 motion, we also address his motion for leave to file a successive petition concerning his impartial-jury claim.

### A.

"Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Relevant here, we may authorize such a finding "only if the movant makes a prima facie showing that his claims rely upon 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *In re Jackson*, 776 F.3d 292, 293 (5th Cir. 2015) (per curiam) (quoting 28 U.S.C. § 2255(h)(2)); *see also* 28 U.S.C. § 2244(b)(3)(C).

"A 'prima facie showing' is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Simpson*, 555 F. App'x 369, 371 (5th Cir. 2014) (per curiam) (quoting *Reyes–Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)). That standard is satisfied where the movant "put[s] forth minimally sufficient evidence to make a *prima facie* case" such that "there is sufficient, albeit slight, merit in the [petitioner's] motion to warrant further exploration by the district court." *In re Hearn*, 418 F.3d 444, 447–48 (5th Cir. 2005).

17

No. 18-10732
No. 18-70022
B.

Robinson "seeks leave to file a successive § 2255 motion on the ground that . . . [*Pena-Rodriguez*] . . . announced a new rule of constitutional law made retroactively applicable on collateral review." *Simpson*, 555 F. App'x at 370–71. In *Pena-Rodriguez*, 137 S. Ct. at 861, the Court examined "whether there is an exception to the no-impeachment rule when, after the jury is discharged, a juror comes forward with compelling evidence that another juror made clear and explicit statements indicating that racial animus was a significant motivating factor in his or her vote to convict." It held,

> [W]here a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee.

*Id.* at 869.

The *Pena-Rodriguez* Court cautioned that "[n]ot every offhand comment indicating racial bias or hostility will justify setting aside the no-impeachment bar to allow further judicial inquiry." *Id.* Consequently, "[f]or the inquiry to proceed, there must be a showing that one or more jurors made statements exhibiting overt racial bias that cast serious doubt on the fairness and impartiality of the jury's deliberations and resulting verdict." *Id.* Such a statement must "tend to show that racial animus was a significant motivating factor in the juror's vote to convict." *Id.* Ultimately, "[w]hether that threshold showing has been satisfied is a matter committed to the substantial discretion of the trial court in light of all the circumstances, including the content and timing of the alleged statements and the reliability of the proffered evidence." *Id.*

C.

The Supreme Court has not expressly stated whether *Pena-Rodriguez*

18

No. 18-10732
No. 18-70022

announced "a new rule of constitutional law, made retroactive to cases on collateral review . . . that was previously unavailable." 28 U.S.C. § 2255(h)(2). Nonetheless, Robinson avers that *Tharpe v. Sellers*, 138 S. Ct. 545, 545–47 (2018) (per curiam), "indicate[s] that *Pena-Rodriguez* is indeed retroactively applicable."

In response, the government notes that the per curiam opinion in *Tharpe* "failed to mention *Pena-Rodriguez* at all." The government also highlights language in a dissenting opinion filed by three Justices in *Tharpe*, 138 S. Ct. at 547–53 (Thomas, J., dissenting). "[N]o reasonable jurist could argue that *Pena–Rodriguez* applies retroactively on collateral review." *Id.* at 551. *Pena-Rodriguez* "established a new rule: The opinion states that it is answering a question 'left open' by this Court's earlier precedents." *Id.* (quoting *Pena-Rodriguez*, 137 S. Ct. at 867). Further, "[a] new rule does not apply retroactively unless it is substantive or a 'watershed rul[e] of criminal procedure.'" *Id.* (quoting *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion)). Consequently, "[s]ince *Pena-Rodriguez* permits a trial court 'to consider [certain] evidence,' 137 S. Ct. at 869–70, and does not 'alte[r] the range of conduct or the class of persons that the law punishes,' *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004), it cannot be a substantive rule." *Id.*

Although Robinson's contention that *Pena-Rodriguez* (in conjunction with *Tharpe*) announced a new substantive rule that applies retroactively to cases on collateral review is exceedingly doubtful, we need not reach that issue here. Even if the rule announced in *Pena-Rodriguez* did apply retroactively to cases on collateral review, Robinson fails to make the requisite *prima facie* showing of possible merit necessary, under 28 U.S.C. §§ 2244(b)(3)(C) and 2255(h)(2), to warrant the certification of his second or successive habeas motion. Over the past seventeen years, Robinson has proffered absolutely no

19

No. 18-10732
No. 18-70022

evidence of juror misconduct or bias.[24]  Accordingly, we decline, as did the district court, Robinson's invitation to join his "improper fishing expedition in support of a hypothetical claim."  Because Robinson fails to "put forth minimally sufficient evidence to make a *prima facie* case" and there is not "sufficient . . . merit in [his] motion to warrant further exploration by the district court," we deny the motion for authorization to file a second or successive § 2255 petition.  *See Hearn*, 418 F.3d at 447–48.

In sum, the district court correctly construed Robinson's Rule 60(b)(6) motion as a second-or-successive petition for habeas relief.  Because Robinson fails to meet the requisite standard for certification of a second or successive § 2255 petition, we DENY the motion for authorization and DISMISS the appeal for want of jurisdiction.



**Certified as a true copy and issued
as the mandate on Mar 08, 2019**

**Attest:** 𝒥𝓊𝓁𝓮 W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

[24] Here, and unlike in *Pena–Rodriguez*, 137 S. Ct. at 869, there is no evidence of "a juror mak[ing] a clear statement that indicates he or she relied on racial stereotypes or animus to convict."  Robinson seemingly concedes as much when he claims that he "should be permitted to conduct an investigation . . . to determine what role, *if any*, racial bias played in his convictions and sentences" (emphasis added).

20